UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DONALD BRENNAN,

        Defendant.

---

**ORDER**

1:19-MR-00002 EAW

WHEREAS the Court previously found pursuant to 18 U.S.C. § 4241(d) that defendant Donald Brennan ("Defendant") is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense (*see* Dkt. 11); and

WHEREAS the Court committed Defendant to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d) for such a reasonable period of time, not to exceed four months, as necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward (*see* Dkt. 11); and

WHEREAS pursuant to 18 U.S.C. § 4241(d), the Court further ordered the Attorney General to "hospitalize the defendant for treatment in a suitable facility . . . for an additional reasonable period of time until (A) the defendant's mental condition is so improved that

trial may proceed, if the Court finds that there is a substantial possibility that within such additional period of time the defendant will attain the capacity to permit the proceedings to go forward; or (B) the pending charges against the defendant are disposed of according to law, whichever is earlier" (*United States v. Donald Brennan*, 18-mj-05083, Dkt. 19 at 2-3); and

WHEREAS the Court is now in receipt of an evaluation from the medical staff at the Federal Medical Center in Butner, North Carolina ("FMC-Butner"), opining that Defendant's "medical condition continues to render him not competent to proceed to trial" and that "he will not recover from his mental condition to the extent that he would become competent in the future" (Dkt. 34 at 12); and

WHEREAS pursuant to 18 U.S.C. § 4241(d), it is ultimately the responsibility of the Court to determine whether Defendant's mental condition has improved so as to permit the proceedings to go forward (*see United States v. Brennan*, 928 F.3d 210, 216 (2d Cir. 2019) ("[B]efore [Defendant] can be considered permanently incompetent, a court must determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the criminal proceedings to go forward following a mandatory commitment as outlined in 18 U.S.C. § 4241(d)." (quotation and original alteration omitted)));

It is hereby

ORDERED that a hearing to determine whether Defendant is permanently incompetent is set for August 8, 2019, at 10:30 a.m.; and it is further

ORDERED that the hearing shall be conducted via video conference, with Defendant appearing via video from FMC-Butner, counsel appearing via video from the courthouse in Buffalo, New York, and the Court presiding from the courthouse in Rochester, New York; and it is further

ORDERED that, if any party intends to present any witnesses or evidence at the hearing, apart from the medical evaluation from FMC-Butner, they shall inform the Court of such intent by letter, copied to opposing counsel, by no later than August 2, 2019.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: July 29, 2019
Rochester, New York