

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DONALD BRENNAN,

        Defendant.

---

**DECISION AND ORDER**

1:19-MR-00002 EAW

## BACKGROUND

On June 4, 2018, the Government filed a criminal complaint alleging that defendant Donald Brennan ("Defendant") violated 18 U.S.C. § 2250(a) by knowingly failing to register or update a registration as required by the Sex Offender Registration and Notification Act. *United States v. Brennan*, No. 18-mj-5083, Dkt. 1 (W.D.N.Y. June 4, 2018). The magistrate judge handling the case found Defendant incompetent to stand trial on December 3, 2018. *Id.*, Dkt. 13. On that same date, Defendant moved to dismiss the criminal complaint and sought his immediate release from custody. *Id.*, Dkt. 12. The magistrate judge orally denied Defendant's motion at a hearing on December 21, 2018, and found that Defendant must be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d). *Id.*, Dkt. 17, Dkt. 18. Defendant appealed the magistrate judge's decision on January 3, 2019 (Dkt. 1), and the appeal was assigned to the undersigned.

- 1 -

On January 25, 2019, the Court issued a Decision and Order in which it affirmed the magistrate judge's decision and committed Defendant to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d). (Dkt. 11). The Court further added a requirement that the Attorney General produce an interim prognosis report within 45 days of Defendant's hospitalization. (*Id.* at 33).[1]

On March 26, 2019, Defendant was admitted to the mental health unit at the Federal Bureau of Prisons Federal Medical Center in Butner, North Carolina ("FMC-Butner"). (Dkt. 19-1 at 1). The Court received an interim prognosis report from FMC-Butner on May 7, 2019, indicating that additional time was needed to assess Defendant's capacity for restoration to competency. (Dkt. 23).

Dr. Evan S. DuBois, a forensic psychologist at FMC-Butner, has submitted to the Court a forensic evaluation, dated July 24, 2019, opining that Defendant's "mental condition continues to render him not competent to proceed to trial" and that "he will not recover from his mental condition to the extent that he would become competent in the foreseeable future." (Dkt. 34 at 12). No party has submitted to the Court any evidence regarding Defendant's mental condition to contradict Dr. DuBois' assessment.

On August 8, 2019, the Court held a hearing regarding Defendant's competency and the possibility that he could be restored to competency. Without objection by the

---

[1] Defendant filed an interlocutory appeal of the Court's commitment order, which was denied by the Second Circuit Court of Appeals on July 2, 2019. *See United States v. Brennan*, 928 F.3d 210 (2d Cir. 2019).

Government or Defendant, Defendant and Dr. DuBois appeared at the hearing via video conference from FMC-Butner. At the hearing, the Government orally requested that the Court order that medical staff at FMC-Butner assess Defendant for dangerousness pursuant to 18 U.S.C. §§ 4246 and 4248.

For the reasons set forth below, the Court finds that Defendant is not competent and cannot be restored to competency in the foreseeable future. The Court further orders that Defendant remain in the custody of FMC-Butner for an additional period of 45 days, to permit the director of that facility to determine whether to file a certificate of dangerousness pursuant to 18 U.S.C. §§ 4246 or 4248.

## DISCUSSION

### I. Legal Standard

It is a well-established and basic principle of our system of criminal justice that "a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri*, 420 U.S. 162, 171 (1975). However, it is also true that "the sovereign's power to bring an accused to trial [is] fundamental to a scheme of ordered liberty and prerequisite to social justice and peace." *United States v. Magassouba*, 544 F.3d 387, 402-03 (2d Cir. 2008) (quotation and original alterations omitted). "To accommodate these two principles, federal law has long allowed the government to commit an incompetent defendant to custody in order to render him

competent to stand trial." *Id.* at 403. However, such commitment may not constitutionally extend indefinitely, and if it is determined that there is not "a substantial probability that [the defendant] will attain [the] capacity [to proceed to trial] in the foreseeable future," then the Government "must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant." *Jackson v. Indiana*, 406 U.S. 715, 738 (1972) (footnote omitted). It is ultimately the Court's responsibility to determine whether Defendant is permanently incompetent. *United States v. Brennan*, 928 F.3d 210, 216 (2d Cir. 2019).

II. **Assessment of Defendant's Competency and Restorability**

Under the applicable federal statute, a criminal defendant is considered incompetent if he "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). Here, the Court has already determined that Defendant meets this definition. (*See* Dkt. 11 at 10). There is no evidence before the Court that Defendant's mental condition has meaningfully changed since the time the Court made that determination, and the Court finds no reason to revisit or revise its earlier conclusion that Defendant is currently incompetent to proceed to trial. Accordingly, the question before the Court is "whether there is a substantial probability that in the foreseeable future [Defendant] will attain the

capacity to permit the [criminal] proceedings to go forward." *Brennan*, 928 F.3d at 216 (alteration in original) (quoting 18 U.S.C. § 4241(d)(1)).

The evidence before the Court demonstrates that such a substantial probability does not exist. Dr. DuBois' forensic evaluation sets forth in detail the various assessments and tests that were performed on Defendant, which collectively revealed significant impairment in Defendant's cognitive functioning. Dr. DuBois noted that, most likely as a result of long-term chronic alcohol abuse, Defendant suffers from moderate cerebral atrophy and volume loss, and meets the criteria for "an Alcohol-induced Major Neurocognitive Disorder, amnestic-confabulatory type, persistent." (Dkt. 34 at 9-10). Dr. DuBois further found that Defendant's prognosis is poor, explaining that Defendant's cognitive abilities are unlikely to improve with time and that what limited treatment options exist are aimed at preventing further injury, and not repairing past damage. (*Id.* at 11). Based on these findings, Dr. DuBois opines that Defendant remains incompetent to proceed to trial and that "he will not recover from his mental condition to the extent that he would become competent in the foreseeable future." (*Id.* at 12).

The Court finds Dr. DuBois' conclusions well-supported by the evidence of record, including the psychological and neurological tests and imaging that have been performed, as well as the Court's own observations of Defendant. Moreover, neither the Government nor Defendant contests Dr. DuBois' assessment, and no party has submitted any evidence to support a contrary finding.

For these reasons, the Court finds that: (1) Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and (2) there is not a substantial probability that Defendant can or will be restored to competency in the foreseeable future.

### III. Assessment of Dangerousness Pursuant to 18 U.S.C. §§ 4246 and 4248

Defendant is hospitalized at FMC-Butner pursuant to 18 U.S.C. § 4241(d). Pursuant to that statute, upon the expiration of the commitment period, if "the defendant's mental condition has not so improved as to permit the proceedings to go forward," the defendant then becomes subject to the provisions of 18 U.S.C. §§ 4246 and 4248. 18 U.S.C. § 4241(d). These two sections govern the civil commitment of a person suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another and the civil commitment of a sexually dangerous person, respectively.

Both § 4246 and § 4248 set forth procedures a court must follow in considering whether a person who would otherwise be released from custody should be civilly committed. Under § 4246, the first step is for the director of the facility where the individual is hospitalized to assess whether the individual "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C.

§ 4246(a). Similarly, under § 4248, the first step is for the director of the facility where the individual is hospitalized to assess whether the individual is "a sexually dangerous person." 18 U.S.C. § 4248(a). If the facility director finds that either of those two conditions exist, he must then issue a certificate of dangerousness and transmit that certificate to "the clerk of the court for the district in which the person is confined." 18 U.S.C. § 4246(a); 18 U.S.C. § 4248(a). If such a certificate is filed under § 4246, "[t]he court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another," 18 U.S.C. § 4246(a), while the filing of such a certificate under § 4248 requires the court to "order a hearing to determine whether the person is a sexually dangerous person," 18 U.S.C. § 4248(a).

Neither § 4246 nor § 4248 explicitly state that a person may be hospitalized for the purpose of permitting the facility director to perform an initial assessment of dangerousness. However, at least one federal circuit court has concluded that "[i]n authorizing the director to file a dangerousness certification, § 4246 necessarily contemplates the temporary commitment of that person so that the director can conduct the evaluation necessary to make the certification decision." *United States v. Godinez-Ortiz*,

563 F.3d 1022, 1032 (9th Cir. 2009). The Court finds this reasoning persuasive, and further finds that it applies with equal force to § 4248.[2]

Accordingly, the Court finds it appropriate to order that Defendant continue to be hospitalized at FMC-Butner so that the facility director can determine whether a certificate of dangerousness should be issued. "The duration of such commitment[] is controlled by 18 U.S.C. § 4247(b)." *Godinez-Ortiz*, 563 F.3d at 1032. Under § 4247(b), commitment for a psychological examination under §§ 4246 and 4248 may be "for a reasonable period, but not to exceed forty-five days." 18 U.S.C. § 4247(b). In this case, the Court finds that a 45-day period is reasonable, based on Dr. DuBois' explanation, provided at the hearing on August 8, 2019, of the necessary steps in making the assessments.

---

[2] At the hearing, defense counsel cited to *United States v. Baker*, 807 F.2d 1315 (6th Cir. 1986), to argue that the Court lacks the authority to direct the facility director at FMC-Butner to assess Defendant's dangerousness. However, *Baker* dealt with the Court's authority to hold a dangerousness hearing under § 4246 notwithstanding the fact that the facility director had not issued a certificate of dangerousness. *See id.* at 1324 (finding that the district court erred in "sua sponte calling a section 4246 hearing before the requisite findings were made by the director at Butner"). Here, the Court has not scheduled a dangerousness hearing—instead, the Court has provided a mechanism by which the director at FMC-Butner may determine whether a certificate of dangerousness should issue. *Baker* is therefore inapposite. *See United States v. River-Morales*, 365 F. Supp. 2d 1139, 1143-44 (S.D. Cal. 2005) ("Importantly, the Sixth Circuit [in *Baker*] was not confronted with the issue here: whether a defendant who has been committed pursuant to § 4241(d) and who has become subject to the provisions of § 4246 can be held for a short, definite, additional period of time in order to give the facility director time to determine whether a certificate should be filed pursuant to § 4246(a) in the first instance."), *aff'd*, 160 F. App'x 648 (9th Cir. 2005).

## CONCLUSION

For the foregoing reasons, the Court finds that (1) Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and (2) there is not a substantial probability that Defendant can or will be restored to competency in the foreseeable future.

The Court further orders that Defendant's commitment to the Attorney General's custody (and hospitalization at FMC-Butner) shall continue for an additional 45-day period, so as to permit the facility director to determine whether a certificate of dangerousness should be issued pursuant to 18 U.S.C. § 4246 and/or § 4248.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: August 8, 2019
Rochester, New York